UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| | ) | |
| | ) | |
| USA | ) | |
| | ) | |
| v. | ) | Docket No. 2:25-cr-00161-LEW |
| | ) | |
| JOSE IRIZARRY ESTEPAN | ) | |
| | ) | |
| | ) | |

## DEFENDANT JOSE IRIZARRY ESTEPAN'S MOTION *IN LIMINE*
## TO EXCLUDE PRIOR CONVICTION

Pursuant to Federal Rules of Evidence 401, 403, and 404(b), Defendant Jose

Irizarry Estepan moves the Court, *in limine*, to exclude any evidence of, or reference to,

his prior Massachusetts state court conviction, which the government has provided notice

of its intent to introduce at trial. Government's Trial Brief, ECF No. 47 at 11 - 13. Unless

and until Mr. Irizarry Estepan testifies at trial, evidence of Mr. Irizarry Estepan's prior

conviction is inadmissible because: (A) it constitutes improper propensity evidence under

Rule 404(b); (B) its probative value, if any, is substantially outweighed by the danger of

unfair prejudice under Rule 403; and (C) it is not sufficiently relevant under Rule 401 to

the specific charged conduct in this case.

### I. FACTUAL BACKGROUND RELEVANT TO THIS MOTION

On August 3, 2024, Saco Police officers responded to the Hillview Market after

receiving a report that a stolen vehicle in the parking lot. Sergeant Matthew Roberts

observed a male, later identified as Kyle Cassell, exit the business and approach the

driver's side of the vehicle. A second male, later identified as Mr. Irizarry Estepan, was

seated in the passenger seat. During a search of the vehicle, officers found cocaine and

fentanyl. It is anticipated that the government will also attempt to establish that Mr. Irizarry Estepan distributed cocaine to Mr. Cassell.

The Superseding Indictment alleges that Mr. Irizarry Estepan had a prior final conviction in Massachusetts for a serious drug felony, and that he is thus subject to increased punishment under 21 U.S.C. section 841(b)(1)(B). Mr. Irizarry Estepan anticipates that the government will seek to introduce evidence of this prior conviction at trial not only to establish the sentencing enhancement (which is a sentencing issue and not a jury question, *see* 21 U.S.C. § 851(b) – (d)), but also as substantive evidence of his intent to distribute the fentanyl found in the vehicle.

## II. ARGUMENT

Rule 404(b)(1) prohibits the admission of evidence of "any other crime, wrong, or act" to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *United States v. Lindsey*, 3 F.4th 32, 43 (1st Cir. 2021) (quoting Fed R. Evid. 404(b)(1)). Such evidence "may be admissible for another purpose, such as proving motive, opportunity, [or] intent," but only if it passes a two-part test. *Lindsey*, 3 F.4th at 43; Fed R. Evid. 404(b)(2).

First, the evidence must have "special relevance" to an issue in the case, meaning a non-propensity relevance, and it must not include "bad character or propensity as a necessary link in the inferential chain." *Lindsey*, 3 F.4th at 43. "If the prior-bad-acts evidence is relevant only for the forbidden propensity inference, then the evidence is inadmissible under Rule 404(b)(1) and the inquiry ends." *United States v. Moultrie*, 2026 U.S. Dist. LEXIS 47430 at * 7 (D. Me. Mar. 9, 2026) (quoting *United States v. García-Sierra*, 994 F.3d 17, 29 (1st Cir. 2021)). Second, even if the evidence is specially

2

relevant, it may still be excluded under Rule 403 if "its probative value is substantially outweighed by the danger of unfair prejudice." *Id.* (citing cases); *Moultrie,* 2026 U.S. Dist. LEXIS 47430 at * 7. A proposal by the government to introduce evidence of a defendant's prior criminal conduct is subject to this two-part test. *United States. v. Henry*, 848 F.3d 1, 8 (1st Cir. 2017) (citing *United States v. Hicks*, 575 F.3d 130, 142 (1st Cir. 2009)).

### A.  The Prior Conviction is Inadmissible Propensity Evidence.

Although "Rule 404(b)(2) permits the admission of a prior conviction to prove intent," the First Circuit has cautioned that this across-the-board position "seems to overlook that, in many cases, impermissible propensity reasoning lurks as one of the links in the logical chain of relevance." *Henry*, 848 F.3d at 8, 9. The Court has thus "encourage[d] district court judges to carefully consider the proponent's assertion of why a prior conviction has special relevance and examine whether, in the particular case-specific circumstances, the proponent is simply attempting to disguise propensity evidence by artificially affixing it with the label of a permitted Rule 404(b)(2) purpose." *Id.* at 9.

In *Henry*, Judge Kayatta, joined by Judge Thompson, wrote separately to note that "the admission of evidence of a prior conviction to establish the 'intent' of the defendant in connection with the offense being tried can become indistinguishable from the admission of evidence of a prior conviction to prove a propensity to commit that type of crime." *Henry*, 848 F.3d at 14 – 15 (Kayatta, J., concurring). The propensity-based reasoning goes: "[h]e intended to do it before, ladies and gentlemen, so he must have intended to do it again. That is precisely the forbidden propensity inference." *Id.* at 15.

In *Lindsey*, Judge Kayatta expressed his "continued reservations" about the First Circuit's ongoing reliance on its earlier holding in *United States v. Manning*, 79 F.3d 212, 217 (1st Cir. 1996), "that evidence of prior drug distribution is admissible to prove the element of intent in a later drug distribution case." *Lindsey*, 3 F.4th at 44 (Kayatta, J., concurring) (quoting concurring opinion in *United States v. Henry*, 848 F.3d 1, 15 (1st Cir. 2017) (Kayatta, J., concurring).

Here, there are multiple factors warranting the exclusion of Mr. Irizarry Estepan's prior conviction. The prior conviction arises from a different jurisdiction, involves different circumstances, and has no demonstrated connection to this case.

The government's theory for admitting the prior conviction as substantive evidence of intent must therefore be that, because Mr. Irizarry Estepan previously distributed drugs, he must have intended to distribute drugs on August 3, 2024. The inferential chain thus runs directly through propensity, with no permissible non-propensity link connecting the prior conviction to this case. Accordingly, the prior conviction is inadmissible under Rule 404(b).

### B. The Prior Conviction Is Inadmissible Because its Prejudicial Effect Substantially Outweighs its Probative Value.

Even if the prior conviction is deemed to have some special relevance under Rule 404(b), it must still be excluded under Rule 403, which requires a balancing of probative value and prejudicial effect. *Henry*, 848 F.3d at 9. "When assessing the probative value of evidence under Rule 403, a court must consider both whether the evidence has been offered to prove an issue that is in genuine dispute, and whether the evidentiary point can

be made with other evidence that does not present a risk of unfair prejudice. *Id.* (citing cases).

"[S]imilarity between the defendant's prior criminal conduct and the charged offense, which may support a finding of 'special relevance' under Rule 404(b), increases the risk that the jury will draw an improper inference of propensity that unfairly prejudices the defendant's case." *Id.* (citing *United States v. Varoudakis*, 233 F.3d 113, 122-24 (1st Cir. 2000)). "[W]here a prior drug conviction is offered to prove an intent to distribute drugs on a different occasion, the risk that the jury will use the conviction to infer criminal propensity is especially strong." *Henry*, 848 F.3d at 9. "Courts thus must be alert to this danger when they weigh the prejudicial effect of evidence against its probative value." *Id.*

The prior conviction in this case presents an acute risk of unfair prejudice. If it is admitted, the jury will be invited to convict Mr. Irizarry Estepan not because the evidence establishes that he knowingly distributed and possessed with the intent to distribute drugs on August 3, 2024, but because of what the prior conviction suggests about his character and propensity. Even if the jury concludes that the drugs in the vehicle did not belong to Mr. Irizarry Estepan, introducing evidence of his prior conviction creates a significant danger that the jury could convict him based on the notion that he has likely avoided prosecution in other instances, and so justice can be served by his conviction in this case.

The probative value of the prior conviction, by contrast, is low. Mr. Irizarry is charged with a specific crime on a particular day. The prior conviction adds nothing to the government's case beyond the impermissible propensity inference -that Mr. Irizarry

Estepan is a drug trafficker. Its admission would thus substantially prejudice Mr. Irizarry Estepan's right to a fair trial.

### C. The Prior Conviction is Not Relevant to the Specific Charged Conduct.

The prior conviction also fails the relevance requirement of Rule 401 as applied to the specific facts of this case. As discussed in Mr. Irizarry Estepan's motion *in limine* to exclude text message evidence, the First Circuit affirmed the admission of text messages showing prior drug dealing, in part, because "the more recent messages showed that London was his customer," making it "more likely that he intended to sell those drugs" -- the same drugs found at the scene. *Lindsey*, 3 F.4th at 43. The relevance of the text messages in *Lindsey* thus relied on their connection to the specific charged conduct and the specific substances at issue. Unlike the text messages in *Lindsey*, which showed the defendant arranging the very sale at issue, Mr. Irizarry Estepan's prior conviction is completely distinct from and unrelated to the charge in this case. His prior conviction is therefore irrelevant under Rule 401.

### III. CONCLUSION

For the foregoing reasons, Defendant Jose Irizarry Estepan requests that this Court enter an order excluding from trial evidence of his prior drug trafficking conviction.

In the event the Court denies this motion, Mr. Irizarry Estepan requests that the Court provide a limiting instruction in the Court's preliminary and final instructions. Mr. Irizarry Estepan will submit a proposed instruction on this issue with his proposed jury instructions.

6

Dated:   May 27, 2026          /s/ Jonathan M. Goodman
                               Jonathan M. Goodman
                               Counsel for Defendant Jose Irizarry Estepan

                               Law Office of Jon Goodman
                               P.O. Box 202
                               Scarborough, ME 04070-0202
                               Tel: 207-219-6391
                               Email: jon@jgoodmanlaw.com


CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, I delivered a copy of this pleading to counsel of record via the ECF Filing System.


                               /s/ Jonathan M. Goodman
                               Jonathan M. Goodman
                               Counsel for Defendant Jose Irizarry Estepan

7